UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH NGUYEN,<br><br>Plaintiff,<br><br>vs.<br><br>OUTFIELD BREWHOUSE, LLC,<br>D/B/A BUDWEISER BREW HOUSE, et al.,<br><br>Defendants. | Case No. 4:17-cv-00973-JAR |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiff Joseph Nguyen's motion to remand this action to the Circuit Court for the City of St. Louis, Missouri, from which it was removed by Defendant Outfield Brew House, LLC ("Outfield Brew House") (Doc. 14) and motion for attorney's fees (Doc. 16). The motions are fully briefed and ready for disposition. For the following reasons, the Court will grant the motion to remand and grant in part the motion for attorney's fees.

### Background

On February 24, 2017, Plaintiff filed this civil action in the Circuit Court for the City of St. Louis, Missouri, alleging that on January 2, 2017, he was peacefully patronizing a business located at 601 Clark St. ("the premises") in St. Louis, Missouri, when four unknown men ("John Doe defendants") assaulted him (Doc. 5). Plaintiff named eight defendants: the four John Doe defendants, Outfield Brew House, Ballpark Village, Ballpark Village Holdings Block 100 Office, LLC ("BPV 100"), and Semper Blue Professional Services, Inc. ("Semper Blue"). Plaintiff identified himself as a California citizen, Ballpark Village as a Missouri citizen, and Outfield Brew House as "a limited liability company registered in the State of Maryland, doing

business in the State of Missouri" (Id. at 2). He asserted that Outfield Brew House and Ballpark Village "own and/or operate properties that provide entertainment, recreation and social gathering to the public for profit," and that Outfield Brew House "operated a nightclub, restaurant, [or] bar" at the premises (Id. at 2-3). Plaintiff's petition indicated that one of the John Doe defendants was employed by Outfield Brew House or Ballpark Village; and that three John Doe defendants were Semper Blue employees who worked as "security staff and/or bouncers at [Outfield Brew House's] establishment" (Id. at 3).

Plaintiff alleged that Ballpark Village "operates, manages, owns, controls, supervises, leases, and maintains" the premises, and leases the premises to Outfield Brew House (Id. at 2). He further claimed that BPV 100 is the parent company of Ballpark Village and that it too "operates, manages, owns, controls, supervises, leases, and maintains" the premises (Id.). Plaintiff asserted two counts in his petition; as relevant, Count II alleged the following:

> 28. Defendants individually and collectively in their respective capacities as owners, operators, managers service providers at the premises and property and the nature of the business conducted at 601 Clark Avenue, Saint Louis, Missouri owed a duty of due care to protect Plaintiff and others lawfully upon their premises by Defendants' express and/or implied invitation, from foreseeable violent attacks perpetrated by their employees, agents, and third parties.
>
> 29. Defendants through their negligent, gross negligent, willful and wanton acts and omissions breached their duty of due care to Plaintiff, created an unreasonably dangerous and hazardous condition and as a direct and proximate result Plaintiff suffered . . . injuries and damages.
>
> 30. Defendants' negligent, gross negligent, willful and wanton acts . . . and/or omissions consisted of, but are not limited to the following, to wit:
>
>> a. In failing to provide reasonably safe premises to patrons given the nature and location of their business;
>>
>> b. In failing to provide experienced, properly trained, mature and mentally balanced individuals to oversee and provide security and entertainment on their premises.

(Id. at 6).

On March 16, 2017, Outfield Brewhouse removed the case to this Court, purporting to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) (Doc. 1). In its notice of removal, Outfield Brew House asserted that it was not a citizen of Missouri or California but, as a limited liability company, is instead a citizen of Maryland and/or the District of Columbia because each of its members is a citizen of one of those jurisdictions (Id. at 2-4). Plaintiff thereafter filed the now pending motions to remand and for an award of attorney's fees (Docs. 14, 16). In support of his motion to remand, Plaintiff attached an executed copy of a summons indicating that Semper Blue—a diversity-destroying defendant[1]—was served with the summons and complaint on March 14, 2017, or two days before Outfield Brew House removed the case to this Court (Doc. 14.1).

As to his motion for an award of attorney's fees under 28 U.S.C. § 1447(c), Plaintiff argues that removal of this case was objectively unreasonable (Doc. 16). More specifically, Plaintiff contends that Outfield Brew House has adduced insufficient evidence of its Maryland citizenship; that BPV 100 and Semper Blue—both of which are Missouri citizens and thus diversity-destroying defendants—were served pre-removal; that Semper Blue's citizenship would be considered regardless of whether it was served pre-removal; that Semper Blue and BPV 100 have not consented to removal; that BPV 100 was properly joined; and that Outfield Brew House knew the identities of the John Doe Defendants and their likely citizenship prior to removal (Id.).

---

[1] As a Missouri resident, Semper Blue is a so called "removal spoiler" or "diversity destroyer." See 28 U.S.C. § 1441(b)(2) (a civil action otherwise removable on the basis of diversity jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought).

3

In response, Outfield Brew House concedes that, in light of the executed summons establishing that Semper Blue was served pre-removal, this case should be remanded back to the state court (Doc. 18 at 3). Outfield Brew House opposes Plaintiff's motion for attorney's fees, however, insisting that removal of this case was objectively reasonable (Id. at 3-6). More specifically, Outfield Brew House argues that it reasonably sought to invoke the Court's diversity jurisdiction because (1) as far as it could tell at the time, Semper Blue had not yet been served when the case was removed; (2) the John Doe defendants were sued under fictitious names; (3) Ballpark Village was fraudulently joined because Ballpark Village is a non-existent entity for which the Missouri Secretary of State has no record; and (4) BPV 100 was fraudulently joined because it cannot be held vicariously liable in its role as the alleged parent company of Ballpark Village in the absence of any allegations to support piercing the corporate veil (Id. at 3-5). In Outfield Brew House's view, it reasonably removed this case based on the argument that the Court should only consider the citizenship of Plaintiff, a California citizen, and Outfield Brew House, a Maryland citizen, when determining whether the parties are completely diverse. Outfield Brew House attached to its response a copy of the state-court docket sheet which indicates that Outfield Brew House and BPV 100 had been served on March 10, 2017; the docket sheet does not reflect service on any of the other defendants (Doc. 18.1). In reply, Plaintiff reiterates his arguments in favor of attorney's fees (Doc. 19).

## Analysis

Initially, the Court agrees with the parties that the pre-removal service of Semper Blue rendered this action non-removable, that the Court thus lacks jurisdiction over this case, and that remand of this case to the state court is necessary and appropriate. See 28 U.S.C. §§ 1332(a),

1447(c); see also Fed. R. Civ. P. 12(h). For the following reasons, the Court will grant in part Plaintiff's request for an award of attorney's fees under § 1447(c).

When remanding an action to state court, a district court may require defendants to pay just costs and actual expenses that a plaintiff has incurred as a result of improper removal. 28 U.S.C. § 1447(c). An award of costs and fees under § 1447(c) depends on the reasonableness of the removal. Convent Corp. v. City of North Little Rock, Ark., 784 F.3d 479, 483 (8th Cir. 2015). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Nevertheless, district courts "retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id. In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the Court does not consider the removing defendant's motive, but instead must consider "the objective merits of removal at the time of removal, irrespective of the ultimate remand." Convent, 784 F.3d at 483.

The Court concludes that, under the facts and circumstances of this case, Outfield Brew House's removal was objectively unreasonable. First, the Court concludes that it was objectively unreasonable for Outfield Brew House to argue that BPV 100 was fraudulently joined. A diversity-destroying defendant is fraudulently joined where no claim against it has a reasonable basis in fact and law. See Knudson v. Sys. Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011). Plaintiff's petition includes four key allegations relating to BPV 100: (1) that it is Ballpark Village's parent company; (2) that it "operates, manages, owns, controls, supervises, leases, and maintains" the premises; (3) that it failed to provide reasonably safe premises to patrons given

the nature and location of the business operated there; (4) and that it failed to provide experienced, properly trained, mature and mentally balanced individuals to oversee and provide security and entertainment on the premises. These allegations give rise to a viable negligence claim against BPV 100, consistent with Missouri substantive and procedural laws. See Lopez v. Three Rivers Electric Cooperative Inc., 26 S.W.3d 151, 155 (Mo. 2000) (elements of negligence claim include duty, breach of duty, and proximate cause); see also Young v. White Castle Sys., Inc., No. 4:16-cv-00553-JCH, 2016 WL 3197305, at *3 (E.D. Mo. June 9, 2016) (remanding case to state court after concluding plaintiff had stated colorable claim against resident defendant arising out of a duty to protect business invitees from criminal attacks of unknown third parties); L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co., L.P., 75 S.W.3d 247, 256-59 (Mo. 2002) (owners and managers of mall had duty to take reasonable care to protect business invitees from criminal activity); Madden v. C&K Barbeque Carryout, Inc., 758 S.W.2d 59, 61-62 (Mo. 1988) (history of prior crimes occurring on defendants' property can establish duty of care on part of defendants to take reasonable measures to protect invitees from third party attacks). The Court thus concludes that Outfield Brew House's fraudulent-joinder argument was objectively unreasonable as to BPV 100.

Moreover, the Court questions the reasonableness of Outfield Brew House's removal of this case given Semper Blue's diversity-defeating citizenship and the undisputedly close business relationships between Outfield Brew House and its named co-defendants. Notably, Outfield Brew House does not claim that it was actually unaware of Semper Blue's pre-removal service until after it had removed the case to this Court, relying instead on the absence of an entry reflecting such service on the state-court docket sheet; and it also does not dispute Plaintiff's allegation that Semper Blue provided three Doe defendants to function as security staff or

6

bouncers at Outfield Brew House's premises when they allegedly assaulted Plaintiff on January 2, 2017. The Court further concludes that Outfield Brew House's refusal to stipulate to remand of this case on March 22, 2017—when its counsel was notified that Semper Blue had been served pre-removal and it thus became abundantly clear that this case would be remanded to the state court—is an unusual circumstance further justifying the exercise of this Court's discretion to award attorney's fees under 28 U.S.C. § 1447(c). See Martin, 546 U.S. at 141.

Finally, given the unreasonableness of Outfield Brew House's argument that BPV 100 was fraudulently joined, it follows that it was also objectively unreasonable for Outfield Brew House to remove this case without first obtaining consent from BPV 100, the service of which was reflected on the state-court docket sheet at the time of removal. See 28 U.S.C. § 1446(b)(A)(2) (all defendants who have been properly joined and served must join in or consent to removal). For these reasons, the Court concludes that Outfield Brew House failed to offer objectively reasonable arguments as to why the citizenship of each of its removal-spoiling co-defendants should not be considered for purposes of determining the Court's diversity jurisdiction over this case. As such, the Court concludes that Outfield Brew House's removal of this action was objectively unreasonable and will award Plaintiff some attorney fees. See Convent, 784 F.3d at 483.

Plaintiff seeks a total fee award of $7,040 for time his counsel spent reviewing his case, communicating with Outfield Brew House's counsel regarding the possibility of a stipulation to remand, and researching and drafting the motion to remand, motion for attorney's fees, and a reply to the motion for fees (Docs. 16; 16.2; 19). Outfield Brew House opposes Plaintiff's proposed fee award, arguing that the hours are excessive and the hourly rate is unreasonably high (Doc. 18 at 5-6). The Court notes that Outfield Brew House could have mitigated the attorney's

7

fees Plaintiff incurred in this case had it merely stipulated to a remand of this case on March 22, 2017, when Plaintiff's counsel informed it that Semper Blue had been served pre-removal and sought its consent to remand. That said, having reviewed Plaintiff's motion for attorney's fees and the documentation submitted in support thereof, and upon due consideration of the specific facts and circumstances of this case, the Court concludes that an award of $3,500 in attorney fees under 28 U.S.C. § 1447(c) is fair and appropriate. See Huffman v. Saul Holdings, Ltd. P'ship, 262 F.3d 1128, 1135 (10th Cir. 2001) (noting that section 1447(c)'s reference to "actual" expenses "incurred" does not relieve the Court from examining the reasonableness of the billing rates and number of hours expended).

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand (Doc. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis under 28 U.S.C. § 1447(c). The Clerk of Court is directed to mail to the clerk of the Circuit Court for the City of St. Louis a certified copy of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorney's fees (Doc. 16) is **GRANTED IN PART**. Plaintiff is awarded attorney's fee against Defendant Outfield Brew House in the amount of $3,500. Outfield Brew House shall pay Plaintiff these fees within thirty (30) days of the date of this Order.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 19 th day of July, 2017.